[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-13773

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DWIGHT TYRONE MANS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20596-JAL-1

————————————

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Dwight Mans appeals his upward-variance sentence of 18 months' imprisonment, imposed following the revocation of his supervised release.  He committed a new attempted bank robbery four months after his release from incarceration for his underlying bank robbery conviction.  On appeal, Mans first argues that the District Court imposed a substantively unreasonable sentence and gave undue weight to a single 18 U.S.C. § 3553(a) factor, the nature of his offense.  Second, Mans argues that the District Court failed to afford adequate weight to relevant mitigating factors, especially his documented and serious mental health issues, which were discussed extensively at sentencing.  Finally, Mans argues that an 18-month sentence was nearly 30 percent above the top of his guideline range and was well above the parties' jointly recommended 13-month sentence and thus required a "compelling" justification.  For the reasons discussed below, the District Court did not abuse its discretion in any of these areas, so we affirm Mans's sentence.

**I.**

We review the substantive reasonableness of a sentence, such as one imposed upon revocation of supervised release, under a deferential abuse of discretion standard considering the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006). The party challenging the sentence bears the burden to

establish that the sentence is unreasonable according to the facts of the case and the applicable § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Under the abuse-of-discretion standard, we will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted). We also review an upward variance from the defendant's guideline range under the abuse-of-discretion standard. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

A district court's sentence will be deemed substantively unreasonable when the court: (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189. The district court's sentence "need not be the most appropriate one, it need only be a reasonable one." *Id.* at 1191.

The district court, when determining the appropriate sentence upon revocation of supervised release, must consider a number of the § 3553(a) factors, such as: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other

treatment; the guideline range established for that offense; any pertinent policy statements from the Sentencing Commission; the need to avoid unwarranted sentence disparities between similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5)(A), (a)(6), (a)(7); 3583(e)(3); *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014). Excluded from the list of factors for the district court's consideration when imposing a new term of imprisonment upon revocation of supervised release is § 3553(a)(2)(A), which includes the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3583(e)(3); *see* 18 U.S.C. § 3553(a)(2)(A). How much weight to assign to a particular sentencing factor is "committed to the sound discretion of the district court," and the court "is permitted to attach 'great weight' to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (citations omitted).

A district court should impose a variance only after "serious consideration" and should explain why that variance "is appropriate in a particular case with sufficient justifications." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (citation omitted). The district court's justifications must be sufficiently compelling "to support the degree of the variance and complete enough to allow meaningful appellate review." *Id.* (internal quotation marks and citation omitted). But because of the district court's "institutional advantage in making sentence determinations," that court has "considerable discretion in deciding whether the § 3553(a) factors

justify a variance and the extent of one that is appropriate." *Id.* (internal citation omitted). In imposing a variance, the district court may contemplate conduct already accounted for in calculating the defendant's guideline range. *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015).

We also have noted that, while "[s]ignificant reliance on a single factor does not necessarily render a sentence unreasonable," a district court's "unjustified reliance upon any one § 3553(a) factor is a symptom of an unreasonable sentence." *United States v. Howard*, 28 F.4th 180, 220 (11th Cir. 2022) (emphasis in original) (citations omitted). In vacating a defendant's sentence of 36 months' probation, which was an "extraordinary downward variance" from the guideline range of 78 to 97 months' imprisonment, we held that numerous letters and oral statements of support were "strong and relevant evidence of [the defendant's] pre-criminal personal history and of her personal characteristics," but, under the totality of the circumstances, "[could not] reasonably be held to outweigh all of the other § 3553 factors in [her] case." *Id.* at 220–21. Noting that the defendant was found "guilty of being an essential part" of a multi-million dollar criminal enterprise involving a healthcare kickback scheme, we concluded that a 100 percent downward variance showed that the district court "diminished the seriousness of the offense, did not promote respect for the law, and did not provide just punishment for the offense," and "gave no weight" to the need for general deterrence, all of which warranted "a non-token period of incarceration." *Id.* at 222, 224–25.

We do not presume that a sentence outside the guideline range is unreasonable, and we give deference to the district court's decision that the relevant § 3553(a) factors support the chosen sentence. *United States v. Grushko*, 50 F.4th 1, 20 (11th Cir. 2022). We have also recognized that a sentence imposed below the statutory maximum penalty is an indicator that a sentence is reasonable. *Id.*

## II.

Here, the District Court did not abuse its discretion in imposing its chosen sentence. First, it properly weighed the relevant § 3553(a) factors. Second, it did not give undue weight to a single § 3553(a) factor, the nature of Mans's offense, which involved committing a new bank robbery just four months after his release from confinement that was nearly identical to two prior bank robberies underlying his original conviction. Third, it gave adequate weight to relevant mitigating factors. As our caselaw makes clear, how much weight to give each factor is left to the sound discretion of the District Court and we are not left with the definite and firm conviction that the District Court committed a clear error of judgment in that weighing here. *See Irey*, 612 F.3d at 1190; *Rosales-Bruno*, 789 F.3d at 1254. Finally, the sentence is only slightly above the guidelines' range and is below the statutory maximum penalty. *See Grushko*, 50 F.4th at 20.

## III.

Accordingly, Mans's sentence of 18 months' imprisonment is substantively reasonable. Therefore, we affirm.

**AFFIRMED.**